UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PETER MAKUSI OTEMBA OWUOR | : | CIVIL ACTION NO. 2:11-cv-926 |
| VS. | : | JUDGE MINALDI |
| CATHY COURVILLE, ET AL | : | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

Defendant Cathy Courville moves this court this court to dismiss the complaint as it applies to her on the ground that the allegations fail to state a claim upon which relief can be granted, or in the alternative, on the ground that she is entitled to summary judgment. Plaintiff has not responded to the motion. Doc. 51. For the reasons stated herein, IT IS RECOMMENDED that the motion be GRANTED IN PART and DENIED IN PART.

### Background

Plaintiff seeks relief for alleged violations of his constitutional rights while housed at the Federal Detention Center in Oakdale, Louisiana. At the time of filing, plaintiff was in the custody of the Department of Homeland Security/United States Immigration and Customs Enforcement pending a determination of his immigration status. He has since been released from custody.

The complaint makes at least three allegations of wrong-doing by defendant Courville. First plaintiff alleges that Courville denied him his constitutional right to access the court system as guaranteed by the First Amendment because she would not allow him to use the FCIO law library. Second plaintiff further alleges that Courville forced him to secure employment at FCIO in order to gain access and that this forced labor violated the Thirteenth Amendment to the

Constitution. Third plaintiff avers that he filed administrative complaints regarding his inability to access the library as well as the forced labor. He alleges that Courville directed other defendants to retaliate against him because of the complaints. Plaintiff says that the retaliation consisted of, among other things, being strip searched and being housed in the Special Housing Unit. Doc. 15, pp. 3–4.

**Legal Standard**

1. **Motion to Dismiss**

A motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of a plaintiff's allegations.

When ruling on a 12(b)(6) motion, the court accepts plaintiff's factual allegations as true and construes all reasonable inferences in a light most favorable to the plaintiff or nonmoving party. *Gogreve v. Downtown Develop. Dist.*, 426 F. Supp. 2d 383, 388 (E.D. La. 2006). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 652, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Id*. Courts will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP*

*Axess Inc.*, 407 F.3d 690, 696 (5th Cir.2005); *see also Iqbal*, 556 U.S. at 664 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.").

In *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228 (5th Cir. 2009), the Fifth Circuit held that neither *Twombly* nor *Ashcroft* created a heightened pleading standard for complaints, and that these cases instead only "explicate" Rule 8(a)(2), particularly because *Twombly* recognized that pleading requirements could only be changed through amendment of the Federal Rules. *Id.* at 258–59 (citing *Twombly*, 550 U.S. at 569, n.14).

Accordingly, Rule 8(a)(2) still only requires a "'short and plan statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 (2007) (citations omitted). This standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law, provided there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand*, 565 F.3d at 257; *Twombly*, 555 U.S. at 556.

Although a court is generally relegated to the pleadings in deciding a motion to dismiss, the court may also consider documents attached to the complaint and the motion to dismiss which the complaint refers to and are central to the plaintiff's claims. *Lone Star Fund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

**2. Standard for Summary Judgment**

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id*. (quoting *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party . . . ." *Id.*

Local Rule 56.2 of the United States District Court of the Western District of Louisiana provides that "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Plaintiff herein did not respond to the instant motion, and so the statement of uncontested facts presented by defendant Courville is admitted as true.

**Discussion**

The Supreme Court has held that the constitution provides an implied cause of action such that an individual may seek relief against any person who, under the color of federal law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In order to hold a defendant liable, plaintiff must allege facts to show: (1) a constitutional right has been violated, and (2) that the conduct complained of was committed by a person acting under color of federal law, that is, that the defendant was a federal actor. *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

As previously explained, plaintiff alleges that defendant Courville is liable to him on no less than three theories. Each will be addressed in turn in accordance with the applicable standards of law.

**1. Law Library Access**

Plaintiff claims that defendant Courville restricted his access to the law library on several occasions and that this restriction violates his right to access the court system as protected by the First Amendment.

Prisoners have a constitutional right to access the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). There is no constitutional right to a law library; rather, "prison law libraries . . . are not ends in themselves, but only the means for assuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (quoting *Bounds*, 430 U.S. at 825).

While prisoners clearly have a constitutionally protected right of access to the courts, a prisoner must "demonstrate an actual injury stemming from defendants' unconstitutional

conduct." *Lewis v. Casey*, 518 U.S. 343, 351–54 (1996) (citing *Bounds v. Smith*, 430 U.S. 817 (1977); *see also Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir.1998) (holding that "without proving an actual injury, a prisoner cannot prevail on an access-to-the-courts claim"). The prisoner must demonstrate that the suffered "actual injury"—that the denial of access "hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351; *see also Chandler v. Baird*, 926 F.2d 1057, 1063 (5th Cir. 1991) (a civil rights claim cannot be based on "minor and short-lived impediments to access" in the absence of actual prejudice); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992) (if a litigant's position is not prejudiced by the claimed violation, his claim of denial of access to the courts not cognizable).

Plaintiff arguably fails to state a claim upon which relief can be granted because he has no alleged an "actual injury"—that is, that any claim in any lawsuit has been prejudiced; however, even in the event plaintiff made sufficient allegations to state a claim, summary judgment would be appropriate.

Courville thoroughly documents plaintiff's litigation history while in custody. Doc. 51, att. 1, pp. 8–11. She argues that this documentation is evidence that plaintiff has never suffered any documented prejudice in any of his suits and that reveals that plaintiff has been relatively successful in prosecuting his various legal matters.

Plaintiff did not respond to Courville's statement of uncontested material facts so, pursuant to Local Rule 56.2, they are deemed admitted. Moreover, plaintiff has not come forward with any evidence that he has suffered prejudice in any legal proceeding. As such, Courville is entitled to summary judgment on this point.

### 2. Forced Labor Claim

Plaintiff alleges that he was forced to work while at FDC Oakdale in order to gain access to the law library and that this amounts to involuntary servitude in contravention of the Thirteenth Amendment.

The Fifth Circuit in *Channer v. Hall* held "that the federal government is entitled to require a communal contribution by an INS detainee in the form of housekeeping tasks, and that [the plaintiff detainee's] kitchen service, for which he was paid, did not violate the Thirteenth Amendment's prohibition of involuntary servitude."  112 F.3d 214, 219 (5th Cir. 1997).

The instant case is materially indistinguishable from *Channer* in this regard.  Plaintiff's argument is foreclosed by circuit law, and as such, it fails to state a claim for relief upon which relief can be granted.

### 3. Retaliation Claims

Plaintiff alleges that Courville, in junction with other defendants, retaliated against him because he sought library access and filed administrative grievances regarding his apparent lack of access.

Officials may not retaliate against an inmate for filing proper administrative grievances. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006).  In order to state a cognizable claim for relief in this regard, an inmate must demonstrate (1) the exercise of a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for exercising that right, (3) a retaliatory adverse act, and (4) causation.  *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).

An inmate's personal belief by an inmate that he is the victim of retaliation is insufficient. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).  Rather, the inmate must present direct

evidence of a motivation or "allege a chronology of events from which retaliation may plausibly be inferred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Moreover, the inmate must demonstrate that but for the retaliatory motive, the incident complained of would not have occurred. *Id.*.

Defendant submits that plaintiff fails to state a claim upon which relief can be granted. She makes several arguments. First, she says that plaintiff has not alleged that he was exercising a legal right because he cannot demonstrate that he was unable to exercise a constitutional right. Second, she argues that plaintiff's allegations are conclusory and founded upon no more than personal belief. She says that plaintiff has not adduced any evidence of intent to retaliate nor has he submitted a plausible timeline of events from which retaliation can be reasonably inferred. And lastly, Courville argues that plaintiff does not have a liberty interest in not being placed in the SHU. Presumably the argument here is that the act of placing plaintiff in the SHU does not qualify as an "adverse retaliatory act." Doc. 51, att. 1, pp. 13–15.

The court disagrees with Courville's first argument that plaintiff has failed to allege he was exercising a constitutional right. Plaintiff alleges that the he was retaliated against because he sought library access and filed administrative grievances, and both acts are constitutionally protected, either on their own or as an instrumental right. A claim of retaliation is cognizable even if a prisoner does not suffer prejudice to the ability to exercise the underlying constitutional right that prompted the retaliation.

The court also disagrees with the argument that plaintiff has not properly alleged an intent to retaliate by Courville. Certainly there is no direct evidence of intent; however, plaintiff has provided a detailed timeline regarding when he sought library access, when he filed

complaints, and when he suffered retaliation. This timeline includes the specific words and deeds of co-defendants Straub, Williams, and Byrd that plaintiff alleges trace back to Courville.

For the purposes of the motion to dismiss the court must accept plaintiffs' allegations as true. Doc. 15, pp. 3–4. Whether plaintiff can adduce any evidence in support of this claim is a different matter altogether. No summary judgment has been requested on this claim.

Courville also makes an interesting argument regarding plaintiff's placement in the SHU. She states that plaintiff does not have a liberty interest in not being placed in disciplinary segregation and this is indisputably true. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *see also Perez v. Anderson*, 350 F. App'x 959, 962 (5th Cir. 2009). However, whether plaintiff has a liberty interest is not the pertinent inquiry; rather, the question is whether the conduct of defendants is "capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). Plaintiff alleges that he was placed in the SHU and strip searched as a result, and defendant has not argued that either action would not deter an ordinary person.

## Recommendation

IT IS RECOMMENDED that the motion be GRANTED IN PART and DENIED IN PART. The access to the court and involuntary servitude claims against defendant Courville should be DISMISSED. The motion to dismiss for failure to state a claim on the retaliation issue is DENIED.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and

Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 7th day of August, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE