UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| PETER MAKUSI OTEMBA OWUOR | : | CIVIL ACTION NO. 2:11-cv-926 |
| VS. | : | JUDGE MINALDI |
| CATHY COURVILLE, ET AL | : | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

Defendants K. Byrd ("Byrd"), Lt. D. Chapman ("Chapman"), Lt. Straub ("Straub"), and Lt. I. Williams ("Williams") (collectively, "Defendants"), move this court to dismiss claims one through four of Plaintiff's amended complaint on the ground that the allegations fail to state a claim upon which relief can be granted. For purposes of this motion Defendants adopt the earlier motion to dismiss, supporting memorandum, and exhibits filed by co-defendant Cathy Courville ("Courville") on May 10, 2013. Defendants further move for summary judgment on claim five of the amended complaint on the ground that they are entitled to judgment as a matter of law. Plaintiff has not responded to the motion.

For the reasons stated herein, IT IS RECOMMENDED that the motion be GRANTED IN PART AND DENIED IN PART.

**I. BACKGROUND**

Plaintiff seeks relief for alleged violations of his constitutional rights while detained at the Federal Detention Center in Oakdale, Louisiana ("FDC Oakdale"). At the time of filing, Plaintiff was in the custody of the Department of Homeland Security/United States Immigration and Customs Enforcement pending a determination of his immigration status. He has since been released from custody. Defendants are employees of the Federal Bureau of Prisons ("BOP") at

-2-

FDC Oakdale sued in their individual capacity under *Bivens v. Six Unknown Named Agents of Fed Bureau of Narcotics*, 403 U.S. 388 (1971).

Plaintiff filed his original complaint on June 14, 2011, naming only Courville as a defendant. An amended complaint was filed on November 28, 2011, which added Byrd, Chapman, Straub, and Williams. Furthermore, the amended complaint added four new claims. Plaintiff's myriad assertions essentially consist of four constitutional theories,[1] namely:

- A. By denying plaintiff access to the prison law library, defendants violated plaintiff's First Amendment's right of access to the courts;

- B. By forcing plaintiff to secure employment in order to gain access to the library, defendants violated plaintiff's Thirteenth Amendment right against involuntary servitude;

- C. By retaliating against plaintiff for lodging administrative complaints, defendants violated plaintiff's Fourth and Fifth Amendments rights to due process of law; and

- D. By assigning him a cellmate who allegedly sexually assaulted him, defendants were deliberately indifferent to his health and safety, thus violating plaintiff's Eighth Amendment right against cruel and unusual punishment.

Doc. 51, att. 1, p. 7; *see also* doc. 53, att. 2, p. 5.

On May 10, 2013, Courville filed a motion ("the Courville motion") seeking to dismiss plaintiff's law-library-access, forced-labor, and retaliation claims against her on the grounds that the allegations failed to state a claim upon which relief can be granted or, in the alternative, that she was entitled to summary judgment. Doc. 51, att. 1, p. 1. Byrd, Chapman, Straub, and Williams were not included in the Courville motion, as they had not yet been served with process. Doc. 51, att. 1, p. 2. Accordingly, as to Courville only, this court recommended that the

---

[1] Plaintiff's two retaliation claims are essentially the same. *See* doc. 51, att. 1, p. 17. Defendants Courville and Straub are not named in Plaintiff's Eighth Amendment claim. Doc. 15, pp. 3–5.

law-library-access and forced-labor claims be dismissed, but did not recommend dismissal on the retaliation issue. Doc. 55, p. 9.

For purposes of the law-library-access, forced-labor, and retaliation claims, Defendants have adopted the Courville motion. Defendants further argue that they are entitled to summary judgment on the deliberate-indifference-to-health-and-safety claims.

## II. LEGAL STANDARDS

**A. Motion to Dismiss**

A motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of a plaintiff's allegations. When ruling on a 12(b)(6) motion, the court accepts a plaintiff's factual allegations as true and construes all reasonable inferences in a light most favorable to the plaintiff or nonmoving party. *Gogreve v. Downtown Dev. Dist.*, 426 F. Supp. 2d 383, 388 (E.D. La. 2006).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 652, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Id*. Courts will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP*

*Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Iqbal*, 556 U.S. at 664 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.").

In *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228 (5th Cir. 2009), the Fifth Circuit held that neither *Twombly* nor *Ashcroft* created a heightened pleading standard for complaints, and that these cases instead only "explicate" Rule 8(a)(2), particularly because *Twombly* recognized that pleading requirements could only be changed by amendment of the Federal Rules. *Id.* at 258–59 (citing *Twombly*, 550 U.S. at 569, n.14).

Accordingly, Rule 8(a)(2) continues to require only a "'short and plan statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, 127 (2007) (citations omitted). This standard is met by the "reasonable inference" the court must make, with or without discovery, that the facts set forth a plausible claim for relief under a particular theory of law, provided there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand*, 565 F.3d at 257; *Twombly*, 555 U.S. at 556.

Although a court's review is generally limited to the pleadings in deciding a motion to dismiss, the court may also consider documents attached to the complaint and the motion to dismiss, provided such documents are central to the plaintiff's claim and are referred to in the complaint. *Lone Star Fund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

### B. Standard for Summary Judgment

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant satisfies this burden, however, the nonmoving party must then "designate specific facts showing that there is a genuine issue for trial." *Id*. (quoting *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party . . . ." *Id.*

Local Rule 56.2 of the United States District Court of the Western District of Louisiana provides that "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Plaintiff herein did not respond to the instant motion, and so the statements of uncontested facts presented by defendants are admitted as true. *See* doc. 53, att. 1.

## III. DISCUSSION

The Supreme Court has held that the constitution provides an implied cause of action such that an individual may seek relief against any person who, under the color of federal law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In order to hold a defendant liable, the plaintiff must allege facts to show: (1) a constitutional right has been violated; and (2) that the conduct complained of was committed by a person acting under color of federal law—that is, that the defendant was a federal actor. *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

As previously explained, Plaintiff alleges that Defendants are liable to him on four theories: (a) denial of law-library access; (b) forced labor; (c) retaliation; and (d) deliberate indifference to health and safety. Each will be addressed in turn according to the applicable standards of law. Because defendants have adopted the Courville motion for certain purposes, this Court will in turn adopt its Report and Recommendation on that motion where appropriate.

### A. Law-Library-Access Claims

For the reasons fully set forth in this court's Report and Recommendation on the Courville motion, Plaintiff's law-library-access claims against Defendants should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, alternatively, Defendants should be granted summary judgment. Doc. 55, pp. 5–6.

### B. Involuntary-Servitude Claims

For the reasons fully set forth in this court's Report and Recommendation on the Courville motion, Plaintiff's forced-labor claims against Defendants should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 55, p. 7.

-7-

### C. Retaliation Claims

Plaintiff alleges that Defendants acted as Courville's "cat's paws" to retaliate for Plaintiff's filing of administrative complaints against her. Doc. 15, p. 3, ¶ 36. First, Plaintiff claims that Chapman harassed plaintiff by roughly searching his cell. Doc. 15, p. 4, ¶ 37. Plaintiff alleges that during the search Chapman warned plaintiff to stay away from the prison's law library and "to stop causing trouble." *Id.* Second, Plaintiff alleges that on or about December 16, 2010, Straub strip-searched plaintiff for no reason and threatened to do so again should Plaintiff continue to seek access to the law library or file grievances. Doc. 15, p. 4, ¶ 38. Furthermore, Plaintiff alleges that Straub threatened to place him in the prison's Special Housing Unit (the "SHU") if he continued to complain. *Id.* Finally, plaintiff claims that on July 11, 2011, Williams placed plaintiff in the SHU in retaliation for his complaints at the behest of Byrd. *Id.* at ¶ 39. Allegedly, Williams informed plaintiff that Byrd had ordered him placed in the SHU because he "was bothering . . . Courville" with his library work and administrative grievances. *Id.*

For the reasons fully set forth in this court's Report and Recommendation on the Courville motion, Defendants' motion to dismiss the retaliation claims should be denied. Doc. 55, pp. 7–9. Accepting Plaintiff's allegations as true, as this court must for purposes of a motion to dismiss, Plaintiff has adequately stated claims against Defendants for which relief may be granted. Whether Plaintiff can adduce any evidence in support of his claims is a different matter. Summary judgment has not yet been requested on this claim. Doc. 55, p. 9.

### D. Deliberate-Indifference-to-Health-and-Safety Claims

Plaintiff claims that he was sexually assaulted by detainee Ike Nkemjika ("Nkemjika") on August 20, 2011. In his complaint, Plaintiff makes several allegations regarding the assault and

Defendants' lack of action in preventing or addressing it. Plaintiff alleges that Defendants knew that he is homosexual because they had access to and reviewed his Application for Asylum and Withholding of Removal ("I-589 application") that he claims identified his sexual orientation. Plaintiff also alleges that approximately four days prior to his placement in the SHU, Nkemjika had sexually assaulted another inmate, and that Defendants knew of the assault yet placed him in Nkemjika's cell anyway. Next, plaintiff claims that prior to the assault he notified both Chapman and Officer Cobb—a BOP employee not named as a defendant here—that he feared for his safety and wished to be moved out of Nkemjika's cell. Finally, Plaintiff alleges that after he reported the alleged sexual assault, he was not provided a medical examination or clinical assessment prior to being transported to a local hospital for his injuries.

### 1. The Deliberate-Indifference Standard

The Eighth Amendment prohibits cruel and unusual punishment and requires prison officials "to take reasonable measures to guarantee the safety of the inmates . . . ." *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). This requirement includes the protection of prisoners from the violence of other prisoners. *See Wilson v. Seiter*, 501 U.S. 294, 303 (1991) (noting that the protection afforded against other inmates is a "condition of . . . confinement" contemplated by the Eighth Amendment). However, prison officials are not liable for every injury suffered by one prisoner at the hands of another. Rather, a prisoner "must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood*, 50 F.3d 530, 533 (5th Cir. 1995) (internal citation omitted).

The test for whether a prison official acts with deliberate indifference is definitively set out by the Supreme Court in *Farmer v. Brennan*, 511 U.S. 825 (1994). In *Farmer*, the Court

held that a prison official acts with deliberate indifference only if he "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 837. The official's knowledge of a substantial risk must be subjective in nature. As the Court explained, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* In other words, the prison official must be subjectively aware of a substantial risk, and do nothing to address it. Accordingly, "[a]n Eighth Amendment claimant need not show that a prison official acted or failed to fact believing that harm would actually befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk." *Id.* at 842.

*Farmer's* standard is a high one to meet. It is insufficient to establish deliberate indifference by a showing of "an official's failure to alleviate a significant risk that he should have perceived, but did not . . . ." *Id.* at 838. Furthermore, prison officials do not act with deliberate indifference if they "were unaware of even an obvious risk to inmate health or safety. . . . Prison officials charged with deliberate indifference might show, for example, that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger, or that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." *Id.* at 844. Finally, prison officials cannot be held liable, despite subjective awareness, if they "responded reasonably to the risk, even if the harm ultimately was not averted." *Id.*

After *Farmer*, later cases held that supervisory officials may not be held vicariously liable under 28 U.S.C. § 1983 for the deliberate indifference of their employees. *See, e.g., Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992). They either must be personally involved in the act causing the alleged constitutional deprivation or have implemented a policy

so deficient that the policy itself acts as a deprivation of constitutional rights.  *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998).

### 2. Application to the Instant Case

Defendants contend that Plaintiff cannot establish deliberate indifference and this court agrees.  As Plaintiff has not responded to the instant motion, Defendants' affidavits show that there is no genuine issue of material fact with respect to the deliberate indifference claims, and thus summary judgment should be granted in their favor as a matter of law.  *See* Fed. R. Civ. P 56(e)(2) ("If the [nonmoving party] does not . . . respond, summary judgment should, if appropriate, be entered against that party.").  Considering the evidence presented, Plaintiff cannot establish that Defendants placed or kept him in Nkemjika's cell "despite [their] knowledge of a substantial risk."  *Farmer,* 511 U.S. at 842.  Furthermore, Plaintiff's claim of deliberate indifference to his medical needs is without merit.

First, Plaintiff cannot show that Defendants had subjective knowledge of a threat to his safety.  Defendants have never seen plaintiff's I-589 application that he claims identifies him as homosexual.  Doc. 53, att. 3, pp. 2, 14, and 17.  There is no evidence of any prior sexual assault or attempted sexual assault of other detainees by Nkemjika.[2]  Furthermore, none of the defendants actually placed Plaintiff in Nkemjika's cell.[3]  Finally, there is nothing to indicate that Defendants were ever notified by Plaintiff or any other FDC staff member that Plaintiff feared for his safety. *See* doc. 53, att. 3, pp. 2, 14, 17. As such, Plaintiff cannot show that Defendants were subjectively aware of and disregarded any threat posed by Nkemjika, and thus Plaintiff's

---

[2] The only incident involving Nkemjika of which any defendant was aware was a July 4, 2011 altercation between Nkemjika and his then-cellmate Harold Robins over a "disrespect issue." Doc. 53, att. 3, p. 14.

[3] Byrd and Williams do not make cell assignments. Doc. 53, att. 3, pp. 2, 16. Chapman, who does make cell assignments, was off of work on the day in question. Doc. 53, att. 3, p. 19. Even if they had been involved, the prison's SENTRY database, which FDC Oakdale officers use to assess threats when making prisoner cell assignments, would have revealed nothing about either plaintiff's sexual orientation or Nkemjika's alleged assault. Doc. 53, att. 3, p. 16.

claim fails. *Farmer,* 511 U.S. at 827.  Defendants are therefore entitled to summary judgment on this point.

Second, regarding Plaintiff's claim that Defendants were deliberately indifferent to his medical needs, there is ample evidence that plaintiff received prompt medical attention at FDC Oakdale immediately after his alleged assault, and then transported to St. Frances Cabrini hospital for further treatment. Doc. 53, att. 3, pp. 6–9, 16. FDC Oakdale employees found no apparent injuries on plaintiff's body, and a second examination at St. Frances Cabrini yielded a diagnosis of hemorrhoids, for which plaintiff was prescribed appropriate medication.  Doc. 53, att. 3, pp. 4–11.  Therefore, plaintiffs claim that Defendants were deliberately indifferent to his medical needs has no basis in fact, and Defendants are entitled to summary judgment on this point as well.

## IV. RECOMMENDATION

Considering the foregoing, IT IS RECOMMENDED that Defendants' motion be GRANTED IN PART and DENIED IN PART. The motion should be GRANTED as to the access-to-the-court, involuntary-servitude, and deliberate-indifference claims.  The motion should be DENIED as to the retaliation claims.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court.  Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

-12-

grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 3rd day of September, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE