UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

PETER MAKUSI OTEMBA OWUOR  :  CIVIL ACTION NO. 2:11-cv-926

VS.  :  JUDGE MINALDI

CATHY COURVILLE, ET AL  :  MAGISTRATE JUDGE KAY

<u>REPORT AND RECOMMENDATION</u>

Defendant Cathy Courville and her co-defendants move this court to dismiss the plaintiff's complaint as it applies to them on the ground that they are entitled to summary judgment as a matter of law. Despite being granted an extension of time to file a response, plaintiff has not responded to the motion. Doc. 68. For the reasons stated below **IT IS RECOMMENDED** that the defendants' motion be **GRANTED**.

**I.**
*Background*

This is an action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), arising from numerous constitutional violations allegedly perpetuated against the plaintiff, Makusi Otemba Owuor, while he was incarcerated at the Federal Detention Center in Oakdale, Louisiana ("FDC"). At the time he filed suit, plaintiff was in the custody of the Department of Homeland Security/United States Immigration and Customs Enforcement pending a determination of his immigration status. He was released from Immigration custody on May 22, 2012. Doc. 51, att.1, p. 11.

Initially the plaintiff named only Courville as defendant. Plaintiff later filed an amended complaint adding co-defendants Byrd, Chapman, Straub, and Williams. In his amended

complaint plaintiff alleged that the various defendants, acting in concert as Courville's "cat's paws" and at her direction, violated his constitutional rights by:

    (1)    Denying plaintiff access to the prison law library in violation of his First Amendment's right of access to the courts;

    (2)    Forcing plaintiff to secure employment in order to gain access to the library in violation of his Thirteenth Amendment right against involuntary servitude;

    (3)    Retaliating against plaintiff for lodging administrative complaints in violation of his Fourth and Fifth Amendment rights to due process of law;

    (4)    Placing plaintiff in the FDC's special housing unit ("SHU") without "any charges being filed against him" and without officially notifying him of the reasons for such incarceration in violation of his Fourth and Fifth Amendments due process rights; and

    (5)    Acting with deliberate indifference toward plaintiff's health and safety in assigning a cellmate who allegedly sexually assaulted him in violation of his Eighth Amendment right against cruel and unusual punishment.

*See* Doc. 15, pp. 3-5; Doc. 51, att. 1, p. 7; *see also* Doc. 53, att. 2, p. 5. [1]

Courville filed a motion ("the Courville motion") seeking to dismiss plaintiff's law-library-access, forced-labor, and retaliation claims against her on the grounds that the allegations failed to state a claim upon which relief can be granted, or, alternatively, that she was entitled to summary judgment.  Doc. 51, att. 1, p. 1. Byrd, Chapman, Straub, and Williams were not included in the Courville motion because they had not yet been served with process.  Doc. 51, att. 1, p. 2.  Accordingly, on the recommendation of the undersigned, the court dismissed the law-library-access and forced-labor claims but retained the retaliation claim as it applied to Courville. Doc. 55, p. 9; *See* Doc. 59.

---

[1] Plaintiff's two retaliation claims (claims (3) & (4)) are essentially the same.  *See* doc. 51, att. 1, p. 17. Defendants Courville and Straub were not named in Plaintiff's Eighth Amendment claim. Doc. 15, pp. 3–5.

Thereafter co-defendants Byrd, Staub, Chapman, and Williams filed a motion to dismiss claims (1) through (4) of the plaintiff's complaint and further moved for summary judgment on claim (5).  *See* Doc. 53, p. 1.  For purposes of the law-library-access, forced-labor, and retaliation claims, the co-defendants adopted the reasoning, arguments, and exhibits provided in the earlier Courville motion.  Again, the court adopted a separate recommendation to grant dismissal as to the law-library-access and forced labor claims, grant summary judgment as to the "deliberate indifference" claim, and deny the dismissal of the retaliation claim. Doc. 56, p. 11; *See* Doc. 59.

On April 23, 2014 all defendants [2] named in the plaintiff's complaint joined in bringing the instant motion for summary judgment to challenge the plaintiff's only remaining claim before this court, the retaliation claim.  On June 25, 2014 we granted a motion by the plaintiff for an extension of time to respond to the defendants' motion.  Eight months have passed and plaintiff has not filed any response despite this court's allowing ample opportunity for him to do so.

In our Report and Recommendations on the defendants' earlier motions, we denied dismissal of the retaliation claim noting that for purposes of a motion to dismiss a "court must accept the plaintiff's allegations as true. Whether plaintiff can adduce any evidence in support of this claim is a different matter altogether. No summary judgment has been requested on [the issue of retaliation]." Doc. 55, p.9; *see also* Doc. 56, p. 7.  This motion for summary judgment now places that issue squarely before us.

---

[2] Including J.P. Young and Marne Boyle, associate wardens at FDC who apparently did not join in either of the two earlier motions despite being subject to the same claims asserted against Courville.

## II.
### *Law and Analysis*

#### A.  *Summary Judgment*

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial.  *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).  The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden.  *Id*.

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial."  *Id*. (quoting *Celotex*, 477 U.S. at 323).  In evaluating motions for summary judgment, the court must view all facts in a light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).  There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party . . . ."  *Id.*

In determining whether to grant a motion for summary judgment, the motion "cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule." *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) (citing *John v. La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir. 1985)).  When faced with an absence of proof, there is no assumption made that the

nonmoving party could or would prove the necessary facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).  Nonetheless, "[i]f the [nonmoving party] does not…respond, summary judgment should, if appropriate, be entered against that party." *See* Fed. R. Civ. P 56(e)(2).

Where the nonmoving party has not responded, the Local Rules for the Western District of Louisiana provide that "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted, for the purposes of the motion, unless controverted as required by this rule."  Unif. Loc. R. La. LR 56.2.   The plaintiff herein did not respond to the instant motion, and so the statement of uncontested facts presented by defendants herein is admitted as true.

### B.  Retaliation

Officials may not retaliate against an inmate for filing proper administrative grievances. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006).  In order to state a cognizable claim for relief in this regard, an inmate must demonstrate (1) the exercise of a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for exercising that right, (3) a retaliatory adverse act, and (4) causation.  *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).   An inmate's personal belief by an inmate that he is the victim of retaliation is insufficient. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).  Rather, the inmate must present direct evidence of a motivation or "allege a chronology of events from which retaliation may plausibly be inferred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).  Moreover, the inmate must demonstrate that but for the retaliatory motive, the incident complained of would not have occurred.  *Id.*

### C.  *Application to the Instant Case*

Here the defendants assert that the plaintiff is only able to sufficiently establish the first element of a viable retaliation claim, namely that the alleged retaliation was the result of his exercising his constitutional right of access to the law library and the courts.  They further contend that he is unable to satisfy the remaining three elements of such a claim, particularly that with respect to retaliatory intent. We agree.

Other than the conclusory allegations themselves, the plaintiff has provided us with absolutely no substantiating evidence to prove his claim, nor has he sufficiently alleged a "chronology of events" from which we might reasonably infer such retaliation.  While we recognize our duty to view all facts in a light most favorable to the non-mover, the defendants' affidavits, the *only* substantiating evidence we have been given in this case, suggest that the defendants are entitled to summary judgment primarily because there appears to have been no retaliatory intent whatsoever with respect to any action taken against the plaintiff.

Courville, for instance, has affirmatively declared that she never retaliated against the plaintiff for any reason, that she never spoke with any of the co-defendants about any of the plaintiff's grievances, that she acted at all times in accordance with BOP policy, and that though she did answer numerous Inmate Request to Staff Member ("cop-out") submissions filed by the plaintiff and did provide input for the preparation of responses to the plaintiff's education-related administrative remedies, such actions were merely incidental to her normal duties and responsibilities  as an Education Technician at FDC and were not carried out as retaliatory measures against the plaintiff for his filing said grievances. *See* Doc. 66, att. 3, pp. 1-2.

Both Straub and Byrd corroborate Courville's statements. They assert that they had no personal knowledge of any grievance or "cop-out" filed by the plaintiff against Courville. They

both confirm that Courville never spoke with either of them about any of the plaintiff's grievances.  Doc. 66, att. 5, p. 2; Doc. 66, att. 7, p. 2.  Byrd, in fact, specifically notes that the plaintiff was placed in the SHU, not for any retaliatory reason but in response to information received which "indicated a threat to [plaintiff's] safety." *Id.*  Straub could not specifically recall conducting a "strip search" of the plaintiff on December 16, 2011, as alleged, but stated that if any visual search did occur it was conducted according to BOP policy and procedure which only allows for visual searches of inmates for the purpose of discovering concealed contraband.[3]  Furthermore, Straub stated that he has "never conducted visual searches…for disciplinary reasons…[and]…certainly not at the direction of Ms. Courville." Doc. 66, att. 5, p. 2.

The plaintiff's complaint alleges (again without any substantiating evidence and notably without alleging any specific date or time) that Chapman unreasonably searched his cell in the general population unit.  Doc. 15, p. 4.  In his affidavit, however, Chapman denies that allegation. He states that while the plaintiff "does not give a specific day or time that I allegedly searched his cell[,]" at the time the plaintiff "was originally placed in SHU…in July 2011, I was assigned as the SHU lieutenant." As such, Chapman states that he "would not have conducted cell-searches of general-population units"…[because] "SHU was my sole responsibility as a lieutenant and is run independently of the general-population units." Doc. 66, att. 4, p. 2. Moreover, since the plaintiff has not filed a response to this motion for summary judgment,

---

[3] As noted in the defendants' "Statement of Undisputed Material Facts" (deemed admitted by the plaintiff under Unif. Loc. R. La. LR 56.2), BOP Program Statement 5521.05, <u>Searches of Housing Units, Inmates, and Inmate Work Areas</u> provides that :

> Staff may conduct a visual search where there is reasonable belief that contraband may be concealed on the person, or a good opportunity for concealment has occurred" and "Staff of the same sex as the inmate shall make the search, except where circumstances are such that delay would mean the likely loss of contraband." 28 C.F.R. § 552.11(c)(1); PS 5521.05 § 6.

under Unif. Loc. R. La. LR 56.2 he is deemed to admit this fact because the defendants have specifically included it in their "Statement of Undisputed Material Facts." Doc. 66, att. 2, p. 2.

Similarly the plaintiff has alleged that on July 11, 2011, Williams incarcerated him in the SHU "at the behest of…Byrd…following orders from Courville." Doc. 15. p. 4.   However, documents submitted to the court clearly reveal that on July 11, 2011, the plaintiff was incarcerated in the SHU at 2:45 p.m. Doc. 66, att. 6, p. 7.   Williams did not assume his duties that day until 4:00 p.m. *Id.* at p. 8-9. Additionally, as noted with respect to Chapman, pursuant to Unif. Loc. R. La. LR 56.2, the plaintiff is deemed to admit this fact because, it too is specifically included in defendants' "Statement of Undisputed Material Facts" and plaintiff has not filed a response to the instant motion for summary judgment. Doc. 66, att. 2, p. 2.

Accordingly, we find that the defendants' various affidavits show that there is no genuine issue of material fact with respect to the plaintiff's retaliation claim. The plaintiff has not and cannot establish retaliatory intent, a necessary element of his claim. Summary judgment should therefore be granted in favor of the defendants as a matter of law.

### III.
### *Recommendation*

For the reasons stated above, **IT IS RECOMMENDED** that the Defendants' Motion for Summary Judgment be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

grounds of plain error. See *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

       THUS DONE AND SIGNED in Chambers this 31st day of March, 2015.


_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE